UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN COLEMAN,

       Petitioner,

                         CASE NO. 5:07-CV-14880
v.                         JUDGE JOHN CORBETT O'MEARA
                         MAGISTRATE JUDGE PAUL J. KOMIVES

L.C. EICHENLAUB,

       Respondent.
                        /

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should dismiss petitioner's application for the writ of habeas corpus for lack of jurisdiction, on the grounds that the claim raised by petitioner is now moot. If the Court rejects this recommendation, the Court should dismiss the petition based on petitioner's failure to exhaust his administrative remedies.

II.    REPORT:

A.    *Procedural History*

Petitioner Shawn Coleman commenced this action while incarcerated at the Federal Correctional Institution in Milan, Michigan. On November 16, 2005, petitioner was sentenced in the United States District Court for the Western District of Michigan to a term of 29 months' imprisonment to be followed by a term of three years' supervised release, following his conviction for possession of a firearm by a convicted felon. The sentence was ordered to run partially concurrent with a separate sentence imposed by the Detroit Recorders' Court. Specifically, the federal sentence was ordered to run from the earlier of petitioner's release from state custody or June 24, 2007. *See* Gov't's Resp., Ex. 1.

Prior to his federal conviction, petitioner was arrested by state authorities on May 1, 2004, on an unrelated matter. He was released on personal recognizance the following day, by was rearrested on a parole violation charge on May 4, 2004. On October 8, 2004, petitioner's parole was revoked and he was reincarcerated in the custody of the Michigan Department of Corrections. On April 12, 2005, an indictment was filed in the federal case. On June 10, 2005, he was transferred to federal custody for trial, and was transferred back to state custody on November 18, 2005, following his federal court conviction. On July 25, 2006, he was paroled from state custody and transferred to federal custody to begin serving his federal sentence. The Bureau of Prisons computed petitioner's sentence to begin on July 25, 2006, the date he was released from state custody, with credit for two days (May 1-2, 2005), which had not been credited against his state sentence.

On November 14, 2007, petitioner filed this petition for a writ of mandamus pursuant to 28 U.S.C. § 1361, seeking a writ of mandamus directing the BOP to credit his federal sentence for six months that he spent in custody in Newaygo and Calhoun Counties. Petitioner contends that he was detained in Calhoun County from August 5 through October 24, 2005, and in Newaygo County from June 10 through August 5, 2005, and October 24 through November 18, 2005. Petitioner also contends that this time was not credited against his state sentence, and that he is therefore entitled to have the time credited against his federal sentence. The government filed a response on February 7, 2008, arguing that the petition should be dismissed because petitioner failed to exhaust his administrative remedies. Petitioner filed a reply on April 1, 2008. For the reasons that follow, the Court should construe the petition as an application for the writ of habeas corpus under 28 U.S.C. § 2241, and should dismiss the petition as moot. Alternatively, the Court should dismiss the petition

2

for lack of exhaustion.

B.   *Mandamus Relief*

At the outset, the Court should conclude that mandamus relief is not appropriate and that petitioner's application should therefore be treated as an application for the writ of habeas corpus. Although "[t]he district courts . . . have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. 1361, the Supreme Court has explained that mandamus relief is a drastic remedy to be provided only in extraordinary circumstances. *See Kerr v. United States*, 426 U.S. 394, 402 (1976). Specifically, mandamus relief is appropriate only if the petitioner shows that his right to relief is "clear and indisputable," and that there exist "no other adequate means to attain the relief he desires." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

It is well established that an application for writ of habeas corpus under § 2241 is the appropriate method for challenging the manner in which an otherwise valid sentence is executed. *See United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991); *Wright v. United States Parole Bd.*, 557 F.2d 74, 77 (6th Cir. 1977). Because § 2241 is available for petitioner to pursue his claims, an adequate alternative remedy exists and mandamus is not appropriate. *See Shepherd v. United States*, No. 1:07CV27, 2007 WL 3390318, at *3 (N.D. W. Va. Nov. 13, 2007); *Garces v. Federal Bureau of Prisons*, No. 3:06-cv-0546, 2006 WL 3516026, at *1 (N.D. Tex. Dec. 5, 2006). Accordingly, the Court should construe petitioner's application as an application for the writ of habeas corpus under § 2241.

C.   *Mootness*

Under Article III of the Constitution, a federal court has jurisdiction only over actual "cases

3

or controversies." U.S. CONST. art. III, § 2. As the Supreme Court has explained:

> "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990). See also *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra*, at 477.

*See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (alternation in original). In other words, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Thus, a case is moot and outside the Court's jurisdiction if "events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Mootness is a jurisdictional issue which may be raised by the Court *sua sponte*. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

Here, petitioner indicated in his application that his projected release date was August 31, 2008. The Bureau of Prisons maintains an on-line Inmate Locator Service which allows the public to track the location of federal inmates. This service indicates that petitioner was released on September 11, 2008. Pursuant to FED. R. EVID. 201(c), the Court may take judicial notice of the information provided on the Inmate Locator Service. *See Herl v. Federal Bureau of Prisons*, No. 06-CV-13843, 2008 WL 544955, at *1 (E.D. Mich. Feb. 25, 2008) (Steeh, J.); *Munro v. Eichenlaub*, No. 07-CV-15043, 2007 WL 4287547, at *1 n.1 (E.D. Mich. Dec. 5, 2007) (O'Meara, J.). Because petitioner challenged only the computation of his sentence, and not the validity of the underlying conviction, a ruling in favor of petitioner would not provide him any relief. As explained by the Third Circuit in similar circumstances:

4

> While an incarcerated inmate's challenge to the validity of his incarceration satisfies the case-or-controversy requirement, the inmate's suit becomes moot upon release unless he or she can demonstrate some "collateral consequence" that persists beyond the sentence's expiration and is "likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that even if a revocation of parole was improper, jurisdiction did not exist after the petitioner was released from prison and his term of imprisonment expired).
>
> Since Williams' habeas petition challenged only the sanctions imposed as a result of his escape, it was filed purely in an effort to secure his release at a date earlier than that calculated by the DHO. The only potential consequence of the imposed sanctions, other than the increased period of incarceration, is the delay of the commencement of his supervised-release term. A delayed commencement of supervised release due to an alleged wrongful calculation of good-conduct time cannot be redressed by a favorable judicial decision. *See United States v. Johnson*, 529 U.S. 53, 60 (2000). By statute, supervised release may commence only upon an inmate's release from prison, 18 U.S.C. § 3624(e) (2000), and once commenced, an individual's term of supervised release runs for the period ordered by the sentencing court. *See Johnson*, 529 U.S. at 56-60. This term "cannot be reduced 'by reason of excess time served in prison.'" *DeFoy v. McCullough*, 393 F.3d 439, 442 n. 3 (3d Cir.2005) (quoting *Johnson*, 529 U.S. at 60).
>
> Consequently, given Williams' release from prison on March 29, 2006, and the absence of any collateral consequences of the challenged imposition of sanctions, the Court does not have jurisdiction to consider the merits of this appeal.

*Williams v. Sherman*, 214 Fed. Appx. 264, 265 (3d Cir. 2007) (parallel citations omitted). Here, as in *Williams*, petitioner challenges only the computation of his sentence, and the only relief he seeks is earlier release. The only potential consequence that still exists following his release is the delayed starting of his term of supervised release, a consequence which cannot be remedied by the Court under *Johnson*. Accordingly, the Court should dismiss the petition as moot.

D.     *Exhaustion*

If the Court disagrees with the above conclusion that petitioner's application is moot, the Court should nevertheless dismiss the petition based on petitioner's failure to exhaust his administrative remedies. The Bureau of Prisons maintains an administrative remedy procedure for inmates to challenge any aspect of their confinement, including the computation of their sentences.

5

*See United States v. Wilson*, 503 U.S. 329, 335 (1992); 28 C.F.R. §§ 542.10-.16. It is well established that "[f]ederal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Correctional Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). Petitioner did not pursue an administrative remedy through the BOP's administrative appeal system. *See* Gov't's Resp., Ex. 2, Decl. of Forest B. Kelly, ¶ 17 & Attachment 6. Because petitioner failed to exhaust his administrative remedies, the Court may not consider the merits of petitioner's claim.[1] Accordingly, if the Court determines that the petition is not moot, the Court should dismiss the petition based on petitioner's failure to exhaust his administrative remedies.

E.    *Conclusion*

In view of the foregoing, the Court should dismiss petitioner's application for lack of jurisdiction based mootness. If the Court rejects this recommendation, the Court should dismiss the petition based on petitioner's failure to exhaust his administrative remedies.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will

---

[1] The result is the same if the Court treats petitioner's application as a petition for mandamus under § 1361. To be entitled to mandamus relief, a petitioner must first exhaust any available administrative remedies. *See Buchanan v. Apfel*, 249 F.3d 485, 491 (6th Cir. 2001); *Lutheran Med. Ctr. v. Thompson*, 520 F. Supp. 2d 414, 419 (E.D.N.Y. 2007); *Johnson v. Luther*, 516 F. Supp. 423, 424 (N.D. Ill. 1981).

not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ PAUL J. KOMIVES<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: October 29, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Shawn Coleman, Reg. No. 12335-040, Federal Correctional Institution, P. O. Box 1000, Milan, MI 48160 on October 29, 2008, by electronic and/or ordinary mail.

S/William F. Lewis<br>
Case Manager